FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Tampa Division

Skyler Anson Rewis

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

United Parcel Service, Teamsters Local Union 79

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 8:26-cv-3044-KKM-AEP

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* [X] Yes [ ] No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Skyler Anson Rewis |
| Street Address | 2024 Kepner dr. |
| City and County | Holiday, Pasco |
| State and Zip Code | Florida, 34691 |
| Telephone Number | 8636514950 |
| E-mail Address | sfrench499@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | United Parcel Service, Inc. |
| Job or Title *(if known)* | Employer/Corporation |
| Street Address | 2650 Lakepointe Parkway |
| City and County | Odessa, Pasco |
| State and Zip Code | Florida, 33556 |
| Telephone Number | 7276279828 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Teamsters Local Union No. 79 |
| Job or Title *(if known)* | Labor organization/collective Bargaining Representative |
| Street Address | 5818 E. Dr. Martin Luther King Jr. Boulevard |
| City and County | Tampa, Hillsborough |
| State and Zip Code | Florida, 33619 |
| Telephone Number | 8136211391 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**C. Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | United Parcel Service, Inc. |
| Street Address | 2650 Lakepointe Parkway |
| City and County | Odessa, Pasco |
| State and Zip Code | Florida, 33556 |
| Telephone Number | 7276279828 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:

National Labor Relations Act, 29 U.S.C. § 159 Breach of Duty of fair Representation

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: ______

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

December 3rd, 2025 through October 6th, 2026

C. I believe that defendant(s) *(check one)*:

- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race ______
- ☐ color ______
- ☐ gender/sex ______
- ☐ religion ______
- ☐ national origin ______
- ☐ age *(year of birth)* ______ *(only when asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)*

Chronic Gastrointestinal Disability (IBS)

E. The facts of my case are as follows. Attach additional pages if needed.

See attatched typed Exhibit A, incorporated herein by reference.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

July 30th, 2026

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 8/20/2026 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Injunctive Relief: A permanent court order compelling Defendant UPS to completely withdraw all retaliatory Intent to Discharge notices, expunge all attendance tracking discipline from Plaintiffs record, and officially honor an intermittent leave accommodation of 1 to 2 days per week for acute medical flare ups.
2. Compensatory damages: Award full back pay for the 3 week December constructive suspension, compensatory damages for the multi-year progressive loss of earning capacity (the W-2 drop from 61,236 down to 31,120) directly caused by the hostile work enviroment, and damages for severe emotional distress and physical pain from worsened condition.

3. Punitive Damages: Award the maximum statutory federal punitive damages up to the $300,000 corporate cap against Defendant UPS and Defendant Teamsters Local 79 for deliberate, malicious indifference and written text coercion of Plaintiffs Federal civil rights.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/7/2026

Signature of Plaintiff: Skyler Rewis

Printed Name of Plaintiff: Skyler Rewis

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



Print Save As... Add Attachment Reset

# Exhibit A: formally formatted statement of facts

**1.Nature of the Claim and Protected Status**

Plaintiff re-alleges and incorporates herein a claim for damages and permanent injunctive relief arising under Title 1 of the Americans with Disabilities Act (ADA), 42 U.S.C. and 12111 et seq, and the National Labor Relations Act (NLRA), 29 U.S.C.and 159. Plaintiff is an employee of Defendant United Parcel Service Inc. (UPS), operating out of the facility at 2650 Lakepointe Parkway, Odessa, Florida, as a top rate full time package car driver. Plaintiff suffers from an ADA defined chronic physical disability, Irritable Bowel Syndrome (IBS), requiring brief intermittent shift flexibility during acute clinical flare ups. Plaintiff successfully maintained this driving position for 3 consecutive preceding years utilizing job protected intermittent leave though the Family and Medical Leave Act (FMLA).

**2.December 2025 Interference, Medical Coercion, and Constructive Suspension**

In December 2025, upon exhausting their annual FMLA hourly allocation, Plaintiff initiated an administrative request for an ADA accommodation to secure necessary intermittent leave flexibility. On December 3rd, 2025, during a formal corporate accommodation review meeting, UPS, Nurse Practitioner Savannah Crews engaged in explicit statutory interference, declaring that "no accommodations exist for UPS drivers", and issuing an ultimatum of termination or part time demotion. Upon learning from UPS HR representative Quanita Williams that Plaintiff required short term call outs strictly during acute flare ups. Nurse Crews characterized Plaintiff as a "liability" and ordered HR to instruct facility management to immediately suspend plaintiff from driving service. To force a waiver of federal civil rights, Nurse Crews informed Plaintiff that the sole mechanism to return to driving service was to formally close the active ADA accommodation case. Facing extreme economic duress, including the imminent loss of his livelihood and the inability to provide basic necessities or Christmas support for his 2 year old daughter, Plaintiff complied. Defendants UPS actively withheld Plaintiff from driving service under a retaliatory, constructive suspension for 3 weeks, from December 3rd through December 29th, 2025, refusing to clear Plaintiff for service until the ADA case was closed.

3. **Next Day Retaliation and Unlawful 3 Day Suspension**

On July 30th, 2026, to protect his position from ongoing facility hostility, Plaintiff engaged in protected activity by filing a formal Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). The following day on July 31rst, 2026, Defendant UPS escalated its retaliation by issuing an immediate 3 day suspension. Defendant UPS utilized standard, inflexible attendance tracking policies to penalize Plaintiff for protected EEO participation, resulting in a progressive, severe loss of earning capacity driving Plaintiffs annual W-2 earnings from a 61,236 baseline down to 41,464, and ultimately down to 31,120.

4. **Fraudulent Accommodation Denial and Job Elimination Tracker**
Following the retaliatory suspension, Plaintiff submitted a second formal ADA request proposing a 9.5 hour daily shift cap to manage nutrition requirements alongside intermittent unpaid medical leave for active flare ups. To secure the mandatory medical certifications required by UPS for this exact accommodation review process, Plaintiff notified Manager Tim Wissinger a full week in advance of a required, scheduled physicians appointment. Manager Tim Wissinger explicitly threatened Plaintiff, stating that if he attended the required medical appointment, he would receive immediate further disciplinary action. Plaintiff attended the mandatory appointment and Manager Tim Wissinger followed through on the threat by issuing an unlawful attendance write up.

Defendant UPS ultimately issued a formal ADA denial letter stating that "no jobs exist at UPS with or without accommodation" that Plaintiff can perform with his disability, initiating a 6 month corporate job search protocol designed to facilitate structural termination. The denial letter documents that UPS treated the accommodation solely as a mandatory job change or part time demotion, completely failing to address the requested intermittent leave or demonstrate how it is considered an undue hardship.

5. **Joint Labor-Management Collusion and Coercion by Teamsters Local 79**
The denial of accommodation reflects a unified, systemic practice of civil rights interference shared by facility management and local union officials. On October 2nd, 2026, the UPS Building Manager Tim Wissinger sent a direct text message to Plaintiff's device, stating that doctor notes for disability flare ups are unapproved and promising that disciplinary "accountability will be issued". When Plaintiff sought representation from Teamsters Local 79 Business Agent Gerry Stack, an elected Executive Board official, the representative actively colluded with management's position. Business Agent Stack verbally berated Plaintiff, hostilely insinuated his medical documentation was faked using artificial intelligence, and threatened that senior union officials would strip Plaintiff of his driving position, stating that asking for an accommodation proved he could not do the job. Crucially, during this discussion, Business Agent Gerry Stack stated that the facility operates with a surplus of cover drivers currently covering the building's routes, thereby factually disproving any claim that intermittent leave constitutes an operational undue hardship for UPS.

6. **Coordinated Retaliation, Duplicate Discipline, and Malicious Mockery**
On October 6th, 2026, Plaintiff arrived at work and was intentionally denied a route assignment. Supervisor Sean Chouinard and a local shop steward escorted Plaintiff into a closed office, where an unnamed UPS Corporate observer sat silently. The supervisor handed Plaintiff a duplicate intent to discharge notice. When Plaintiff questioned what the difference was between this discharge and the previous actions, the supervisor stated “the dates”. When Plaintiff asked the union steward if a grievance should be filed, the supervisor jokingly told the UPS Corporate observer “no” and openly laughed at Plaintiffs contract and civil rights directly to the corporate observer, documenting a malicious, bad faith joint effort to force a protected worker out of the company before his November 18th federal court deadline.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Tampa Field Office**
501 East Polk St, Suite 1000
Tampa, FL 33602
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

**To:** Mr. Skyler A. Rewis
2024 kepner dr
Holiday, FL 34691

Charge No: 511-2026-04495

EEOC Representative and email: Michael Suarez
Investigator
michael.suarez@eeoc.gov

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 511-2026-04495.

On behalf of the Commission,

TAMRA SCHWEIBERGER
Digitally signed by TAMRA SCHWEIBERGER
Date: 2026.08.20 10:35:27 -04'00'

TAMRA SCHWEIBERGER
FIELD OFFICE DIRECTOR

**Cc:**

Ups
2650 lakepointe Pkwy
Odessa, FL 33556

Jolee Land
Phelps Dunbar LLC
100 South Ashley Drive Suite 2000
Tampa, FL 33602

Please retain this Notice for your records.

EEOC No. 511-2026-04495 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
| --- | --- |
| EEOC<br>Florida Commission On Human Relations | 511-2026-04495 |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Mr. Skyler A. Rewis

Phone No.: 863-651-4950

Year of Birth: 1996

Mailing Address: 2024 kepner dr
HOLIDAY, FL 34691

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Ups
No. Employees, Members: Under 15 Employees
Phone No.:
Mailing Address: 2650 lakepointe Pkwy
ODESSA, FL 33556, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Disability, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 12/08/2025
Latest: 12/30/2025

THE PARTICULARS ARE:

was hired on October 2017, by UPS as a preloader, then became a UPS driver August 2022.

On December 8, 2025, I had a meeting with UPS ADA accommodation team. Durning this meeting, I presented my documentation and the need for an accommodation for my disability. Durning this meeting present was Quanita Williams who was the Human Resources (HR) Representative and Savannah Crews who was a nurse practitioner. Before any accommodations could be discussed, I was advised that I could not be accommodated (even though I previously was accommodated under FMLA). They offered a demotion to part-time preload as the only viable option or resignation.

Savannah Crews told Quanita Williams that I was a liability and would not be allowed to drive during the ADA process. She also said allowing me to drive during the ADA process showed that UPS was currently accommodating me, and they can't do that. I was removed from my driving position for three (3) weeks without pay. They conditioned the return to my job on closing my ADA case. I went to my doctor immediately and got cleared to work. I believe UPS retaliated against me for requesting an accommodation by freezing me out of money and coercing me into closing my ADA case.

I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act (ADA), as amended, and all applicable state statutes.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mr. Skyler A. Rewis
07/30/2026

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

______________________________

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary______________________________

Printed Name ______________________________

## CP Enclosure with EEOC Form 5 (06/24)

### Privacy Act Statement

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (06/24).
2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### Notice of Right to Request Substantial Weight Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### Notice of Non-Retaliation Requirements

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.